UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:03-cr-355-T-23TBM
       8:05-cv-451-T-23TBM

JORGE ENRIQUE
_____/

## O R D E R

Enrique's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Enrique's conviction for conspiracy to possess with intent to distribute cocaine while on board a vessel, for which offense he is serving 135 months. Although tacitly admitting that the motion to vacate is timely, Response at 4 (Doc. 6), the United States argues that, as part of a plea agreement, Enrique waived his right to raise the grounds asserted in the motion to vacate.

## FACTS[1]

On or about August 24, 2003, the defendant and others were apprehended by the United States Coast Guard in international waters on a vessel, to wit: the F/V Monte Carlo, that was a vessel subject to the jurisdiction of the United States. As part of an unlawful agreement to possess 5 or more kilograms of cocaine with intent to distribute, the defendant and others were knowingly and willfully transporting approximately 142 bales of cocaine (approximately 7,710 lbs), which were to be delivered to other individuals.

## GROUNDS

Enrique alleges in ground one that United States v. Booker, 543 U.S. 220 (2005), entitles him to a new sentencing. In ground two Enrique alleges that his counsel

---

[1] This summary of the facts derives from the plea agreement (Doc. 73).

was ineffective for not objecting to the sentence calculation based on a quantity of cocaine not alleged in the indictment.  The United States correctly argues that grounds one and two are not reviewable on the merits.

Enrique negotiated a plea agreement, which specifically states that Enrique "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines. . . ." Plea Agreement ¶ 5 at 12 (Doc. 73).  Enrique received a guidelines minimum sentence of 135 months imprisonment, which was neither an upward departure nor above the statutorily authorized maximum sentence. Consequently, Enrique's waiver of his right to challenge the guidelines sentence controls.

The magistrate judge ensured during the entry of the guilty plea that Enrique understood the significance of the appeal waiver.

> THE COURT:  The other thing about sentencing that I want to highlight is the provision in each one of your plea agreements[2] related to appeals. The plea agreements all include a waiver provision that restricts or limits your right to an appeal in this case.
>
> This provision says that if you receive an illegal sentence, that is, one that is for more than what the law allows, you can take an appeal.  This provision says, in effect, that if you receive what we call an upward departure, you may appeal.  An example of that would be if the judge calculated your guidelines at a particular level but didn't think this was enough punishment and he sentenced you in a higher range, you could appeal that upward departure.  However, except in those two circumstances, this waiver provision takes away your right to an appeal.

---

[2] Enrique and a co-defendant dentered guilty pleas in a single proceeding.

> The only other possibility for an appeal would be if the prosecutor appealed.
>
> The practical effect of this limitation is that when you show for sentencing and the judge calculates your guidelines, if he then sentences you within that calculated range, you're going to be stuck with that sentence, you're not going to be able to appeal it, even if it is worse than you anticipated, as long as it's lawful.
>
> Is there anybody who does not understand this? If so, raise your hand.

Transcript of Change of Plea Hearings at 30-31, attached to response (Doc. 6).[3] Consequently, Enrique waived the challenges asserted in grounds one and two, which are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005).

Moreover, both grounds lack merit because neither Apprendi nor Booker apply on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)], is based on an extension of Apprendi [v. New Jersey, 530 U.S. 466 (2000)], Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether Booker established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review.").

---

[3] Enrique's change of plea hearing included defendants in United States v. Eder Cecilio Del Castillo-Madrid, 8:03-cr-446-T-23TBM. A transcript of the hearing was never filed in Enrique's case, but a transcript exists as Doc. 93 in 03-cr-446. The United States attached a copy of the transcript to the response (Doc. 6).

Enrique's ground three alleges as follows: "The petitioner wants to appeal but his counsel did not appeal the judgment of conviction, petitioner lost his constitutional right to appeal because his counsel did not want to appeal." Enrique was ordered (Doc. 7) to explain this ground. This ground has three possible interpretations. Enrique contends either (1) that counsel should have appealed even though Enrique never directed counsel to appeal, (2) that counsel failed to contact Enrique after sentencing to determine whether Enrique wanted to appeal, or (3) that counsel failed to appeal even though Enrique told counsel to appeal. Apparently, the order was delivered to Enrique because it was not returned as undelivered. The order advised Enrique that the court will dismiss this ground if Enrique fails to timely explain his claim. Because Enrique failed to respond, ground three is stricken.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Enrique and close this action.

ORDERED in Tampa, Florida, on March 19, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE